IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDAN FINANCIAL INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12 C 9349 |
| ) | |
| MICHAEL JAMES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| TOM VAUGHN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Trustee Tom Vaughn's (Vaughn) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Vaughn is a standing Chapter Bankruptcy Trustee in the Northern District of Illinois. Michael James (James) is a debtor who filed for Chapter 13 bankruptcy (Bankruptcy Proceedings) in 2008. James filed a proposed Chapter 13 plan (Proposed Plan), but due to adversary proceedings and contested issues in the Bankruptcy Proceedings, four years passed without the Proposed Plan being confirmed by the Bankruptcy Court. Pursuant to the Proposed Plan, Vaughn, acting

1

as trustee, received certain funds from James. On September 27, 2012, due to James' failure to make payments in accordance with the Proposed Plan, the court in the Bankruptcy Proceedings (Bankruptcy Court) declined to approve the Proposed Plan and the Bankruptcy Proceedings were terminated. Vaughn contends that at that juncture, it was his statutory obligation to pay any claims due, such as attorneys' fees, and release the remaining Funds back to James.

On October 2, 2012, before Vaughn had an opportunity to release the remaining Funds to James, Plaintiff Brendan Financial, Inc. (Brendan) initiated supplementary proceeding in Illinois State Court in the form of a citation to discover assets (Citation), which informed Vaughn that he might be holding monies belonging to Brendan. The Citation also prohibited Vaughn from making any transfer of funds, contrary to what was required in his role as the federal trustee.

Vaughn contends that he was placed in a juxtaposition, on one hand obligated by federal law to release the Funds to the proper recipients, and on the other hand barred by state law in the supplemental proceedings from releasing any of the Funds until he appeared in those proceedings pursuant to the Citation. On November 21, 2012, Vaughn removed the Citation to federal court. On December 13, 2012, James filed a motion to reopen the Bankruptcy Proceedings and to compel Vaughn to transfer $3,500 to James' counsel for attorneys' fees incurred by James during the Bankruptcy Proceedings (Motion to Reopen). On April 17, 2013, the Bankruptcy Court granted the motion to reopen the Bankruptcy Proceedings, found that the Citation was not proper, and compelled Vaughn to release the funds to James'

attorney for attorneys' fees. *In re James*, 490 B.R. 795, 799-800 (Bankr. N.D. Ill. 2013). Vaughn now moves to dismiss the instant action.

## LEGAL STANDARD

Pursuant to Rule 12(b)(6), a defendant can move to dismiss a claim based upon a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on Rule 12(b)(6) motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662

3

(2009))(internal quotations omitted).

## DISCUSSION

Vaughn argues that the instant action should be dismissed pursuant to the doctrine of collateral estoppel. Vaughn also contends that the instant action is barred under the *Barton* doctrine.

I.  Collateral Estoppel

Vaughn contends that the instant action should be dismissed pursuant to the doctrine of collateral estoppel, arguing that Brendan is attempting to relitigate issues already litigated before the Bankruptcy Court. An action is barred pursuant to the doctrine of collateral estoppel if: "(1) the issue sought to be precluded [is] the same as that involved in the prior litigation, (2) the issue [was] actually litigated, (3) the determination of the issue [was] essential to the final judgment, and (4) the party against whom estoppel is invoked [was] fully represented in the prior action." *Matrix IV, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011)(quoting *H–D Mich., Inc. v. Top Quality Serv., Inc.*, 496 F.3d 755, 760 (7th Cir. 2007)(internal quotations omitted).

When the Motion to Reopen was filed in the Bankruptcy Proceedings, the Bankruptcy Court specifically addressed the propriety of the limitations placed upon Vaughn, a federal trustee, by the Citation. The Bankruptcy Court indicated in its ruling that Vaughn "argue[d] that the supplementary proceedings in State Court were

4

initiated against him in violation of the *Barton* doctrine and are, therefore, improper." *In re James*, 490 B.R. at 796. The Bankruptcy Court stated that "[u]nder the United States Constitution, federal law is 'the supreme Law of the Land,'" and that "'[w]hen state law is contrary to federal bankruptcy law, the bankruptcy provisions prevail.'" *Id.* at 799 (quoting U.S. Const. art. VI, cl. 2 and *Ocasek v. Manville Corp. Asbestos Disease Comp. Fund*, 956 F.2d 152, 154 (7th Cir. 1992)). The Bankruptcy court concluded that the Citation violated the *Barton* doctrine and that "even if the Citation had been properly issued, the state law prohibiting the Trustee from transferring the Debtor's funds would be subject to the contrary provision of the Bankruptcy Code, and the prohibition of the Citation would have to yield to the mandate of" 11 U.S.C. § 1326(a)(2). *Id.* Thus, the propriety of the Citation, which is the basis of the instant action, has already been litigated before the Bankruptcy Court. The issue was the central issue before the Bankruptcy Court on the Motion to Reopen and the Bankruptcy Court ruled in favor of Vaughn. There is no indication in the record that any appeal of the Bankruptcy Court's ruling was ever filed by Brendan.

It is clear that Brendan was aware that the propriety of the Citation was being presented before the Bankruptcy Court and that Brendan presented its arguments to that court. In the Bankruptcy Court's April 18, 2013 ruling, the Bankruptcy Court noted Brendan's objection to the Motion to Reopen. In addition, Vaughn has provided the court with a copy of the Bankruptcy court docket, which the court can take judicial notice of, and which shows that Brendan filed briefs in the Bankruptcy Court addressing the Citation issue. *See Henson v. CSC Credit Services*, 29 F.3d

280, 284 (7th Cir. 1994)(stating that a "'district court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment")(quoting *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)); (Mem. Dis. Ex. D). It is also clear that Brendan was aware of the Motion to Reopen and the fact that the Bankruptcy Court would address the Citation because this court stayed the instant action on January 24, 2013, specifically to provide the opportunity to the Bankruptcy Court to reopen the Bankruptcy Proceedings and the opportunity to make a ruling concerning the Citation, which the Bankruptcy court did. Thus, the record reflects that Brendan was fully aware of the Motion to Reopen and was able to have its day in court and have its views heard.

Brendan cites to a variety of precedent in his opposition brief, which is non-controlling and not on point. (Ans. 1-4). Brendan contends that the only issue that was technically before the Bankruptcy Court in the context of the Motion to Reopen was the request by James to require Vaughn to release the attorneys' fees. Brendan admits that the Bankruptcy Court's ruling "is full of language favoring the trustee," but contends that the Bankruptcy Court's statements relating to the Citation, as it pertained to Brendan, were nothing more than dicta. (Ans. 4). Even though Brendan contends now that the Bankruptcy Court's statements regarding the Citation were mere dicta, Brendan chose to appear in the Bankruptcy Proceedings and file briefs before the Bankruptcy Court. Vaughn is correct that Brendan's continued pursuit of the instant action subsequent to the ruling by the Bankruptcy Court is an attempt to circumvent the Bankruptcy Court's ruling and to circumvent federal bankruptcy law.

In addition, even if this court accepted Brendan's characterization of the statements by the Bankruptcy Court relating to the Citation as mere dicta, this court agrees entirely with the Bankruptcy Court in its analysis in that regard. The Citation was improper and, even if it were proper, it conflicts with federal law and is invalid under the Supremacy Clause. Federal law provides certain directives to federal trustees that are to be followed during bankruptcy proceedings. If state law were allowed to contradict those federal requirements, providing federal trustees with opposing directives, the state law could effectively interfere with the progress of federal bankruptcy proceedings and the efficient administration of federal bankruptcies. Based on the above, the instant action is barred under the doctrine of collateral estoppel.

## II. *Barton* Doctrine

Vaughn also argues that enforcement of the Citation is barred under the *Barton* doctrine. Under the *Barton* doctrine, "'before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained.'" *In re James*, 2013 WL 1700933, at *2 (quoting *Barton v. Barbour,* 104 U.S. 126, 128 (1881)). In the instant action, Brendan does not dispute that it never sought leave from the Bankruptcy Court to pursue the Citation against Vaughn. Even though the Bankruptcy Proceedings were terminated at the time that the Citation was issued, the *Barton* doctrine continued to govern directives made to Vaughn concerning the Funds. *See Matter of Linton*, 136 F.3d 544, 545 (7th Cir. 1998)(explaining that as to

the underlying bases for the *Barton* doctrine, the "concern is most acute when suit is brought against the trustee while the bankruptcy proceeding is still going on," but that the doctrine continues in effect "after the bankruptcy had been wound up").

The Seventh Circuit has explained with respect to the *Barton* doctrine that if a federal trustee can be "burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded." *Id.* That is exactly the scenario that is presented in the instant action. Vaughn, in executing his legal obligations as a federal trustee, was faced with a citation that was not authorized by the Bankruptcy Court. It is a citation that countermands the federal directives given to Vaughn and potentially subjects Vaughn to imprisonment for non-compliance. Brendan's attempt to circumvent federal bankruptcy law by turning to the state supplemental proceeding process was improper and cannot be allowed to stand. The Bankruptcy Court correctly held that the Citation is prohibited under the *Barton* doctrine. Therefore, based on the above, Vaughn's motion to dismiss is granted.

## CONCLUSION

Based on the foregoing analysis, Vaughn's motion to dismiss is granted.

                                             _____
                                             Samuel Der-Yeghiayan
                                             United States District Court Judge

Dated: August 15, 2013